Our next industry is versus the United States. Mr. Schroeder? How much money is involved here? I'm kind of curious because it doesn't seem like there can be enough to attract a lawyer to appear on the other side. I don't know the answer to that, Your Honor. And I can't really speculate why they didn't appear or file a briefing. It's fair to say that if there were $20 million at issue, it probably would have had somebody sitting there. I would think so, Your Honor. Essentially, this case is controlled by SKF. And under SKF, there can be no de facto preliminary injunction. And under SKF, the trial court cannot backdate an injunction. But that's exactly what happened here. Although the one difference between SKF and this case is that in SKF the injunction had not been signed, the important fact common in both cases is that there was no effective injunction in place in either case. So the fact that the injunction had not been signed in SKF and it was signed in this case really doesn't make a difference. What was the reason for the five-day grace period? That's an unusual provision, at least in the general law. Why was there such a period? That's a system that's been set up by Commerce and the Justice Department and the Plaintiff's Bar in virtually every case to give Commerce and Customs, I believe, time after service to find out which entries are involved and to make sure that they don't inadvertently violate the injunction. Right, but not to liquidate them, right? Yes. No, not to liquidate them, correct? Yes, so that the five days... I want to make sure that when you say yes, you're agreeing with me that the purpose of the five days was not to give the government a time to rush into liquidation. Oh, absolutely not. Right, and yet that's what happened here. Well, the liquidation instructions, you must remember, went out. I understand, I understand, but where I'm going with this is isn't it reasonable to assume that all the parties, including the trial judge, when the trial judge entered that injunction, contemplated that the injunction would have the effect of preventing liquidation from that moment on and not that the trial judge was intending to create a window of five days within which the government could liquidate the imports. I would say that in most cases where there's an injunction involved and you have some very distinct corpus of the injunction, that would be the case. But in these kind of cases, you're dealing with entries, multiple entries, and it takes time for commerce and customs to figure out which entries are subject to the injunction. Is there anything in the record of this case, I didn't see anything, to suggest that somehow there was a rush to liquidate to evade the effect of the injunction? No, there was not, Your Honor. As a matter of fact, that claim has never been made, and obviously it's not made here. It is unusual, though, that these entries were all liquidated in the face of the action that was taken by the court, even with the five-day grace period built in. It wasn't that the government was not on notice that this was the court's decision. In this case, what was unusual is the very lengthy delay in the time it took the plaintiff to seek a preliminary injunction. That's what caused this whole problem. Plaintiff promptly filed a complaint. Under the rules of the Court of International Trade, plaintiff has 30 days to seek a preliminary injunction. The 30 days passed. After the 30 days passed, commerce properly issued liquidation instructions. More than another month passed. Plaintiff finally came into court around September 23rd, almost two and a half months after his complaint was filed, to seek a preliminary injunction. The court didn't get to the injunction and sign it for about seven or eight days. And then plaintiff, having that injunction signed, waited another four days to serve it. So any liquidation here is on plaintiff because they did not pursue these remedies in a timely fashion. And under these circumstances... Suppose that they had, though, suppose that they had sought an injunction within 30 days and they'd gotten an injunction which said after the first five days, then there'll be an injunction against liquidation, and customs had gone ahead and liquidated within the five-day period. Would your position be that that was impermissible and that the court could come back later and say that either that it was unlawful for customs to do that or that the injunction should be deemed to be not from the first day, not from the fifth? If I follow what you're saying, the same facts... Same facts except that no delay by the importer. Our position would be that it is still, the court was still without jurisdiction. Right. So your position really isn't in this... What you're asking us to say in this case is that even if the importer does everything right, you can still jump into that five-day window and there's not a thing in the world that the court can do about it. Well... Am I correct? Isn't that your position? I've dressed it up a little, but that's your position in essence, isn't it? Well, not really, because when you say jump in, it implies that there's some kind of intent on behalf... Well, suppose there is. Suppose that customs says, look, we can liquidate. We're not enjoying during this five-day period. Let's go. That wouldn't give the court jurisdiction, as I understand it, later to have a no-proton order with respect to the injunction or otherwise review the liquidation. Correct or not? Am I... Well, again, you're bringing in the issue of an intentional decision by customs to jump in... How would that change your position? Your Honor, I think under the law, it is... we would have an argument there's still no jurisdiction. Well, what would your position be, never mind what your argument would be? Your Honor, I... Because you've got to have... in thinking about this case, this is the most obvious hypothetical. You've got to have figured out how broad is the government's position. Are you prepared to say that the government wins if the liquidation occurs in that five-day period regardless? Or are you going to say there are limits on that proposition? That's where I'm going with this. I would say this, is that if customs knew that there was an injunction and knew that... I don't think they would put themselves in that position. But if they did put themselves in that position, would the court be without jurisdiction? I believe yes, because the parties negotiated a five-day window. However, I don't know that that would be the type of thing that if the trial court ruled against us, that we would bring up to this court either. I don't think that's really a realistic scenario because the government attempts not to... we cooperate in the injunction process. The plaintiff's counsel gets on the phone, they call us. Once the injunction is served, if Congress hasn't issued liquidation instructions, then it doesn't issue liquidation instructions. Once even the motion is served, Congress, as far as I know, holds up liquidation instructions. But you wouldn't be required to hold up liquidated instructions if the injunction doesn't take effect for five days. No, but I believe probably dozens of times a year we get a call from plaintiff's counsel. And dozens of times a year we consent to an injunction. And each of those times we request five days of personal service. And almost every time plaintiff's counsels agree to that five-day provision... I don't know if they're going to do it anymore if you win this case. Why should anybody agree to the five days? It seems to me that's just taking their clients and putting them at an unnecessary risk. And I doubt this judge will ever entertain another one of these five-day delays. Well, because it's not a problem. Over the years that they've had this, issues like this rarely come up. And the plaintiff's bar is comfortable working with us to ensure that, and we work with them to ensure that they file their injunction in a timely fashion. If the people move, if the plaintiffs move quickly and seek an injunction shortly after filing the complaint, this issue does not arise. But it could, because you have no obligation, legal obligation, to wait. There's a legal obligation to... Just because you have chosen in most cases to wait, but not in this case. There's obviously a legal obligation to follow court orders that are signed and effective. Right, but by hypothesis here we're talking about a court order that has a five-day window that, in your view, gives you the right to do whatever you please during that five days, including liquidate the interest. Right. That is the procedure that has been established by, again, the government, along with the plaintiff's bar, along with the trial court. And this is a procedure that everyone seems comfortable with and that works very well. In footnote two of the CIT opinion, the judge notes that Agriduch was challenging the actual lawfulness of the liquidation instructions, whether they were issued in accordance with the final instructions. Now, that issue has not been addressed either by the CIT or here on appeal. How do we deal with it? Your Honor, what happened in this case is that they filed a standard challenge to a final anti-dumping determination by the Department of Commerce. Under 20 U.S.C. 1581I, that's the residual jurisdiction clause, somebody who has a claim challenging a final determination cannot rely on 1581I, the residual jurisdiction. Their claim essentially became moot when the entries were liquidated, and so in order to try to cure that, they raised 1581I and raised these type of arguments that you're referring to. The court did not directly address that in its decision. However, this court has found that where there was another cause of action, another claim under another section of 1581, such as a claim to a final determination of the Department of Commerce, where somebody had that claim and it was valid at the time they filed it, or even if they waived that claim by not filing such a challenge, they can't then come in under 1581I and create jurisdiction. So essentially they're trying to bootstrap their 1581I claim. The footnote kind of suggests they were challenging the actual procedure, something akin to Judge Bryson's hypothetical almost. Right. That was an afterthought. That was something that they challenged after the fact, after they realized that their claim had become moot. They were trying to do that to save the case. However, it's clear that the trial court cannot entertain such a claim merely because they made a litigation error and their other claim became moot. So what we're asking is that this court vacate the October 17th decision and amend the final judgment and leave the original final judgment in place. And we ask that this court reverse. Thank you. Thank you, Mr. Schroeder.